UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FERLIN OTTO,**

**Plaintiff,**

v.                                                              Case #_____

**BANK OF AMERICA CORPORATION.,**

**Defendant.**

_____/

# COMPLAINT

The Plaintiff, Ferlin Otto (hereinafter Otto), by and through his undersigned attorney,

sues the Defendant, Bank of America, Corporation. (Bank of America),  and states:

### Count I

1.      This is an action for legal and/or equitable relief under the Employee

Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2.      This Court has jurisdiction pursuant to ERISA §502, 29 U.S.C. §1132.

3.      Bank of America is at all times engaged in business in Florida and in this

District.

4.      Otto is and/or was a participate in each of the plans, funds, programs, or

arrangements described herein or, in the alternative, was at all times relevant a participate

in each of the plans, funds, programs, or arrangements described herein.

5.      Otto is and/or was a former employee of Bank of America.

6.    At all relevant times, Otto was a participant in a welfare benefit plan (the Plan) providing disability benefits sponsored by his employer, Bank of America.

7.    Bank of America is the Plan Sponsor.

8.    Bank of America named the Bank of America Benefit Committee as the plan Administrator.

9.    It is the duty of the Bank of America Corporate Benefit Committee (hereinafter Committee) to administer the plan.

10.   A copy of the Plan's Summary Plan Description (SPD) is not attached but is well known by the Committee.

11.   The Committee is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Plaintiff's, Ferlin Otto's claim.

12.   Bank of America through the Committee not only decides which claims are paid under the Plan, but it also pays such claims from its own assets.

13.   To the extent that the court determines that de novo review does not apply, the Committee's conflict of interest must be considered, because the funds at stake are the Bank's assets.

14.   As the administrator of the Plan and the entity which also makes claim determinations, the Committee is subject to a higher than marketplace duty as an ERISA fiduciary.

15.   Otto made a claim for Short Term Disability benefits under the Plan, which was denied effective July 9, 2015.

16.   In its initial claims denial the Committee has refused to pay the benefits sought by Otto and as grounds for such refusal has alleged that Plaintiff does not meet the

definition of disability.

17.     Otto appealed the adverse decision timely and was again denied by the Committee even though he has Rheumatoid Arthritis, Peripheral Neuropathy, Vascular Disease, Barrett's Esophagus, Macular Degeneration of the eyes, Sleep Apnea, and Degenerative Disc Disease of the cervical and thoracic spine causing an inability to see and sit all day.

18.     With respect to all claims made herein, Otto has exhausted all administrative/pre-suit remedies or they are excused.

19.     Otto is entitled to certain benefits under the Plan consisting of benefits for Short Term Disability since July 9, 2015 through the date of filing this action.

20.     Otto has met the definition of total disability based upon his restrictions and limitations.

21.     Otto is entitled to benefits herein because:

        (a)     The benefits are permitted under the Plan.

        (b)     Otto has satisfied all conditions to be eligible to received the benefits.

        (c)     Otto has not waived or relinquished entitlement to the benefit.

22.     Each monthly benefit payment owed since July 9, 2015, is a liquidated sum, and became liquidated on the date the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

23.     Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), Otto is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain undersigned attorney to represent him in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

WHEREFORE, Plaintiff, Ferlin Otto, asks this Court to enter judgment against Defendant, Bank of America Corporation, finding that:

(a)    The Plaintiff is entitled to Short Term Disability benefits from July 9, 2015 through the date of the of the entry of a Final Judgment in this action;  and

(b)    The Plaintiff is to be awarded benefits in the amount not paid to the Plaintiff from July 9, 2015, through the date of the of the entry of a Final Judgment in this action together with prejudgement interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(c)    The Plaintiff is entitled to be awarded reasonable attorney fees and costs incurred in this action.

LAW OFFICES OF DONALD CARL ANDERSON

Donald C. Anderson, Jr., Esquire
Florida Bar # 167380
2101 5th Avenue North
St. Petersburg, FL 33713
Phone: 727-323-8886; Fax: 727-323-3252
DCA@thedisabilityfirm.com
Attorney for Plaintiff and Trial Counsel

DCA:lmn
cc: Ferlin Otto